Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*and those similarly situated*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FX INSURANCE AGENCY, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:26-cv-00274-ALM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff ADEAN HILL, JR. ("Plaintiff") brings this First Amended Class Action Complaint and Demand for Jury Trial against FX INSURANCE AGENCY, LLC ("FX Insurance" or "Defendant") to stop its illegal practice of placing unsolicited telemarketing prerecorded voice calls to consumers' cellular telephone numbers and to obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

2. Defendant FX Insurance is an insurance agency that markets and sells Farmers Insurance auto insurance products. As part of its marketing efforts, Defendant placed unsolicited telemarketing prerecorded voice calls to consumers' cellular telephone numbers.

3. The Telephone Consumer Protection Act, 47 U.S.C. § 227(b) prohibits any person from making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice.

4. Defendant did not obtain prior express written consent from Plaintiff or the Class, and placed prerecorded voice calls to cellular telephone numbers, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

5. The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls in response to complaints about increased telemarketing. See S. Rep. 102-178, at 1, 5 (1991).

6. Congress enacted the TCPA in 1991 to restrict telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2–3 (1991).

7. Despite such strong legislation passed over 30 years ago, the same problem persists.

8. By placing the prerecorded voice calls at issue, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

9. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented telemarketing, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. Plaintiff ADEAN HILL, JR. is a natural person and is a citizen of the Eastern District of Texas.

11. Defendant FX Insurance Agency, LLC is a limited liability company organized and existing under the laws of the State of Texas.

12. FX Insurance's registered agent is Corporation Service Company DBA CSC – Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

14. This Court has personal specific jurisdiction over Defendant because Defendant targeted consumers with its telemarketing prerecorded voice calls in Texas, including to Plaintiff, who resides in this District. Defendant's marketing towards residents of Texas is the subject of this dispute from which this lawsuit arises.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, telemarketing communications to residents of Texas, substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

16. Defendant FX Insurance is an insurance agency that markets and sells Farmers Insurance auto insurance products.

17. To increase sales, Defendant placed unsolicited telemarketing prerecorded voice calls to thousands of cellular telephone numbers.

18. Plaintiff uses two cellular telephone numbers relevant to this action, one ending in 3329 and one ending in 8992. Both numbers are assigned to cellular telephone service and have been at all times relevant to this lawsuit.

19. Defendant did not obtain prior express written consent from Plaintiff or the Class to place prerecorded voice calls.

20. On February 23, 2026, at approximately 8:57 a.m., Plaintiff received an unsolicited telemarketing call on his cellular telephone number ending in 3329 from telephone number (469) 347-6492. The call used an artificial or prerecorded voice to deliver a marketing message advertising Farmers Insurance auto insurance. Following the prerecorded message, the call was transferred to a live agent, who in turn connected Plaintiff to a Farmers Insurance representative.

21. Defendant's ongoing telemarketing campaign further included unsolicited text messages. On March 9, 2026, Plaintiff received an unsolicited telemarketing text message on his cellular telephone number ending in 8992 from telephone number (817) 886-8854, advertising Farmers Insurance auto insurance. On March 13, 2026, Plaintiff received a second unsolicited telemarketing text message on his cellular telephone number ending in 8992 from the same number, (817) 886-8854, again advertising Farmers Insurance auto insurance.

22. Following the February 23, 2026 prerecorded voice call, Defendant emailed Plaintiff an insurance contract. The emailed contract confirmed that Defendant FX Insurance was the entity that originated the prerecorded voice call, and that the purpose of the communications was to sell Farmers Insurance auto insurance on behalf of Defendant.

23. The February 23, 2026 prerecorded voice call was a telemarketing communication sent for the purpose of encouraging Plaintiff to purchase Farmers Insurance auto insurance from Defendant.

24. Plaintiff never consented to receive prerecorded voice calls or text messages from Defendant. Plaintiff had no prior relationship with Defendant and had never requested that Defendant contact Plaintiff in any manner.

25. These unsolicited communications caused Plaintiff annoyance, intrusion on privacy and seclusion, wasted Plaintiff's time, and depleted Plaintiff's cellular data and resources.

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

### TCPA Prerecorded Voice Class

All persons in the United States who: (1) from four years prior to the filing of this complaint through the date of class certification; (2) received a telemarketing call using an artificial or prerecorded voice; (3) from or on behalf of Defendant; (4) on a telephone number assigned to a cellular telephone service.

### Texas Subclass

All persons residing in Texas who: (1) from four years prior to the filing of this complaint through the date of class certification; (2) received a telemarketing call using an artificial or prerecorded voice; (3) from or on behalf of Defendant; (4) on a telephone number assigned to a cellular telephone service.

### Texas Telemarketing Registration Class

All persons residing in Texas who: (1) from four years prior to the filing of this complaint through the date of class certification; (2) received at least one telemarketing communication from or on behalf of Defendant; (3) while Defendant was not registered as a Texas Telemarketer.

27. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's

subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telemarketing prerecorded voice calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telemarketing communications.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible

standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendant placed prerecorded voice calls to Plaintiff and the Class;

ii. Whether Defendant used an artificial or prerecorded voice in placing calls to the Class;

iii. Whether Defendant obtained prior express written consent;

iv. Whether Plaintiff's and the Class' telephone numbers were assigned to cellular telephone service;

v. *Whether Defendant's conduct was willful and/or knowing;*

vi. Whether the Court should treble damages based on the knowing or willful nature of Defendant's conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

*Violation of 47 U.S.C. § 227(b)*
*Prerecorded Voice Calls to Cellular Telephones*
*(On behalf of Plaintiff and the TCPA Prerecorded Voice Class)*

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. 47 U.S.C. § 227(b) prohibits any person from making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice.

36. 47 U.S.C. § 227(b)(3) provides a private right of action for any person who has received a call in violation of § 227(b) or the regulations prescribed thereunder.

37. Plaintiff's telephone number ending in 3329 was assigned to a cellular telephone service at all times relevant to this action.

38. On February 23, 2026, Defendant placed a telemarketing call to Plaintiff's cellular telephone number using an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

39. As a result of its unlawful conduct, Defendant invaded Plaintiff's and the Class's personal privacy, entitling them to recover up to $500 in damages for each violation pursuant to

47 U.S.C. § 227(b)(3)(B), and an injunction requiring Defendant to cease its illegal telemarketing.

40. Defendant made the violating communications *willfully* and/or *knowingly* under 47 U.S.C. § 227(b)(3).

41. Plaintiff requests that the Court treble the award from $500 to $1,500 per violation under 47 U.S.C. § 227(b)(3) for willful and/or knowing conduct.

**SECOND CAUSE OF ACTION**

*Violation of Texas Bus. & Com. Code § 305.053*

*Texas State TCPA Law*

*(On behalf of Plaintiff and the Texas Subclass)*

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Texas Bus. & Com. Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision … against the person who originates the communication … ." Tex. Bus. & Com. Code § 305.053(a).

44. Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

45. Plaintiff is entitled to an award of at least $500 in damages for each such violation under § 305.053(b)(1).

46. Plaintiff also requests the Court award treble damages based on Defendant's knowing and/or intentional violations under § 305.053(c)(1).

47. Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing communications.

**THIRD CAUSE OF ACTION**

*Violation of Texas Bus. & Com. Code § 302.101*

*Failure to Obtain Texas Registration Certificate*

*(On behalf of Plaintiff and the Texas Telemarketing Registration Class)*

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Texas Bus. & Com. Code § 302.101 requires telemarketers to obtain a registration certificate for the business location from which the solicitation is made.

50. Texas Bus. & Com. Code § 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

51. Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50.

52. Plaintiff and the class seek an award of $5,000 per violation.

53. Plaintiff seeks a permanent injunction requiring Defendant to cease placing telemarketing communications to residents of Texas without a registration certificate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ADEAN HILL, JR., individually, and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 305.053;

E. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 302.101;

F. An order awarding $5,000 per violation under Texas Bus. & Com. Code § 302.101;

G. An order awarding treble damages of $1,500 per violation under 47 U.S.C. § 227(b)(3) and § 305.053(c)(1);

H. An injunction requiring Defendant to cease all unlawful telemarketing communications and otherwise protecting the interests of the Class;

I. An award of damages, attorney's fees, and costs;

J. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 22, 2026

Respectfully submitted,

**JAVITCH LAW OFFICE**

By: /s/ Mark L. Javitch
Mark L. Javitch, Esq. (CA 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
Email: mark@javitchlawoffice.com

Attorney for Plaintiff
*and the Putative Class*

## CERTIFICATE OF SERVICE

On the date stated below, I filed this document electronically with the United States District Court for the Eastern District of Texas CM/ECF system.

Notification was therefore automatically sent through the CM/ECF system to:

- United States District Court for the Eastern District of Texas

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date stated below in San Mateo County, California.

Date: April 22, 2026

By: /s/ Mark L. Javitch
Mark L. Javitch