# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ADEAN HILL, JR. individually, and on behalf of all others similarly situated, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:26-cv-274<br>Judge Mazzant |
| | § | |
| FX INSURANCE AGENCY, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is FX Insurance Agency's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #9). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED in part** and **GRANTED in part**.

## BACKGROUND

This is a Telephone Consumer Protection Act case. Plaintiff alleges Defendant is an insurance agency that sells Farmers Insurance auto insurance polices (Dkt. #6 at ¶ 16). Plaintiff received an unsolicited telemarketing call advertising Farmers Insurance auto insurance (Dkt. #6 at ¶ 20). After the call, Defendant emailed Plaintiff an insurance contract (Dkt. #6 at ¶ 22). Plaintiff filed his First Amended Complaint on April 22, 2026 (Dkt. #6). Plaintiff alleges three causes of action: violation of 47 U.S.C. § 227(b), violation of Texas Business & Commerce Code § 305.053, and violation of Texas Business & Commerce Code § 302.101 (Dkt. #6 ¶¶ 34-53).

On May 26, 2026, Defendant filed a Motion to Dismiss under Rule 12(b)(6) (Dkt. #9). On June 15, 2026, Plaintiff filed a Response (Dkt. #11). On June 30, 2026 Defendant filed a Reply (Dkt. #13).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I. Plaintiff's First and Second Causes of Action

Defendant moves to dismiss Plaintiff's first and second causes of action (Dkt. #9 at p. 4). As to these causes of action, after reviewing Plaintiff's First Amended Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief under Rule 12(b)(6). Dismissal is unwarranted. Defendant's Motion as to these causes of action should therefore be denied.

### II. Plaintiff's Texas Business & Commerce Code § 302.101 Claim

Defendant then asserts it is exempted from Texas Business & Commerce Code § 302.101, the statute supporting Plaintiff's third cause of action (Dkt. #9 at p. 10). Texas Business & Commerce Code § 302.053 states in relevant part that "[t]his chapter does not apply to . . . a person who holds a license issued under the Insurance Code if the solicited transaction is governed by that code." Plaintiff alleges that Defendant is an insurance agency that markets and sells Farmers Insurance auto insurance products (Dkt. #6 at ¶ 16). Plaintiff argues Defendant cannot "deny any role in the call and claim an exemption that presupposes it made the solicitation" (Dkt. #11 at p. 5).

However, this is exactly what the 12(b)(6) standard requires, as the Court must accept as true all of Plaintiff's well pleaded facts and determine if Plaintiff stated a plausible claim for relief. *Bowlby*, 681 F.3d at 219. Defendant argues that assuming Plaintiff's alleged facts are true, it cannot be liable under § 302.101 because of this exemption.

Plaintiff then argues this issue is premature at the 12(b)(6) stage (Dkt. #11 at p. 5). However, the Court can decide this issue with reference to Defendant's insurance license and the facts in the Complaint. Defendant provides its insurance license renewals.[1] From this, the Court concludes Defendant is licensed under the Insurance Code. The solicited transaction regards advertising auto insurance (Dkt. #6 at ¶ 20). The Insurance Code contains provisions governing advertising. *See* TEX. INS. CODE ANN. § 1111A.011. Plaintiff makes no argument that Defendant is not licensed under the Insurance Code, or that the solicited transaction is not governed by the Insurance Code. For these reasons, the Court concludes that Defendant holds a license under the Insurance Code and that the alleged solicited transaction is governed by the Insurance Code. Therefore, § 302.101 does not apply. Defendant's Motion should be granted as to Plaintiff's third cause of action.

## CONCLUSION

It is therefore **ORDERED** that FX Insurance Agency's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #9) is hereby **DENIED in part** and **GRANTED in part**.

It is further **ORDERED** that Plaintiff's claim for violation of Texas Business & Commerce Code § 302.101 is **DISMISSED with prejudice**.

---

[1] Defendant attaches the renewal of its Insurance License with the Texas Department of Insurance (Dkt. #9-2). At the 12(b)(6) stage, the Court can take judicial notice of matters of public record. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted). As Defendant's insurance licensing is a matter of public record, the Court takes judicial notice of Defendant's licensing.

It is further **ORDERED** that the FX Insurance Agency's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #9) is **DENIED** as to the remainder of the claims.

**IT IS SO ORDERED.**

**SIGNED this 19th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE